IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GLEN GRUETTER, | ) | CASE NO. 3:13 CV 865 |
| | ) | |
| Plaintiff, | ) | Judge Jeffrey J. Helmick |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| CITIMORTGAGE, INC., et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On April 17, 2013, plaintiff *pro se* Glen Gruetter filed this diversity action against defendants CitiMortgage, Inc. and LaSalle Bank Midwest fka Standard Federal Bank. The complaint purports also to be filed on behalf of Laurie L. Myers, but Ms. Myers did not sign the complaint and there is no suggestion Mr. Gruetter is an attorney at law. This case is therefore construed as filed solely by Mr. Gruetter on his own behalf.

Plaintiff alleges he took out a mortgage with Standard Federal Bank in 1999 and signed a promissory note for $40,000. He further alleges a "fraudulent assignment of Plaintiff's real property" was made by Standard Federal Bank to CitiMortgage Inc. in August 2010. The property was subsequently foreclosed upon and sold. Plaintiff seeks an order vacating the foreclosure and sale, return of the promissory note, and a declaration that he is the rightful owner of the property.

CitiMortgage file a Motion to Dismiss on May 28, 2013, and Bank of America, N.A., sbm Lasalle Bank Midwest fka Standard Federal Bank filed its Motion to Dismiss on June 6, 2013. Defendants argue Mr. Gruetter lacks standing because he was not a party to any contract at issue, and further that the claims set forth are barred by the Rooker-Feldman doctrine and the doctrine of *res judicata* in any event. Plaintiff filed his "Objection to All Defendants' Motions to Dismiss Plaintiff's Complaint" on August 26, 2013, asserting he has standing and that the claims he sets forth are neither barred by the Rooker-Feldman doctrine nor *res judicata*.

United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt,* 688 F.3d 290, 298-99 (6th Cir. 2012).

The Rooker-Feldman doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a).[1] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103

---

[1] 28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any

S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the United States Supreme Court. The doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts. *Exxon Mobil Corp.*, 544 U.S. at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

The Rooker-Feldman doctrine has narrow application. It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry*, 688 F.3d 298-99. It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d 299. Instead, the Rooker-Feldman doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself, and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009).

---

title, right, privilege, or immunity is specially set up or claimed under
the Constitution or the treaties or statutes of, or any commission held
or authority exercised under, the United States.

To determine whether Rooker–Feldman bars a claim, the court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310. If the source of the plaintiff's injury is the state-court judgment itself, then the Rooker–Feldman doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence*, 531 F.3d at 368–69. In conducting this inquiry, the court should also consider the plaintiff's requested relief. *Evans v. Cordray*, No. 09–3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011)

Plaintiff's claim that there was not a proper legal basis for the foreclosure action in state court directly attacks the state court's decision. Any review of his claims in this context would require the court to review the specific issues addressed in the state court proceedings. This court lacks subject matter jurisdiction to conduct such a review or grant the relief requested. *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

To the extent plaintiff seeks to litigate the foreclosure matter anew, he cannot proceed. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Township*, 312 F.3d 736, 744 (6th Cir. 2002). The preclusive effect of the previous state court judgment is therefore governed by Ohio law on preclusion. *Id.* Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. *National Amusement, Inc. v. Springdale*, 53 Ohio St. 3d 60, 62 (1990). The doctrine of *res judicata* requires a plaintiff to present every ground for relief, or forever be barred from asserting it. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The Ohio court has already determined

4

that the mortgage was valid.   This court is bound to give full faith and credit to that decision.   Thus, even if plaintiff otherwise had standing, he would be barred by the doctrine of *res judicata* from litigating these questions again in federal court.

      Accordingly, this action is dismissed.

      So Ordered.


                                                      s/Jeffrey J. Helmick
                                           UNITED STATES DISTRICT JUDGE